CHARLES P. TALBOT & another *vs.* OLIVER M. WHIPPLE.

A riparian proprietor, who purchases of a town the materials of a bridge forming part of
a highway which has been discontinued, and suffers them to remain in the river, is
liable to owners of land above for the damages occasioned by the setting back of the
water; and cannot show, in defence of an action to recover such damages, that he had
before such purchase removed greater obstructions in the river.

MOTION for the acceptance of an award of referees under a
rule of court, submitting to them " what damages, if any, shall
be recovered by the plaintiffs of the defendant, because of the
flowing by his dam of the water upon their mill privileges, or by
his flashboards, or by both, or either; and also by the mainte-
nance of an arched bridge of stone over the Concord River, if he
shall be legally liable therefor; and also whether said bridge shall
be removed by said Whipple, and within what time; and at what
height said Whipple shall have the right to flow the water by
means of his dam and flashboards; which damages shall be
assessed down to the finding of the award, or on the removal
of the obstructions, if any. The said referees to report all ques-
tions of law, which may arise, to the court, for their decision."

The referees awarded that the plaintiffs recover one hundred
dollars damages for the flowing caused by the flashboards, to
the date of the award; and five hundred dollars damages for the
flowing caused by the maintenance of the arched bridge, " down
to the removal of the bridge as herein limited, if he is legally
liable therefor; " that the defendant should remove the bridge
within two years from the date of the award, if legally liable
therefor; and fixed the height to which the defendant should
have the right to flow by his dam and flashboards; and reported
to the court the following questions of law:

" 1st. Said arch bridge was formerly part of an ancient county
road, and consisted, prior to 183?, of stone piers and wooden
stringers and plank. In 1837, it was rebuilt by the public author-
ities, wholly of stone and gravel, with low arches. In 1847, it
was discontinued as a highway, and the stone was sold to the

defendant by the city of Lowell. The defendant then owned and still owns the land on both sides of the river, on which the bridge stands. The bridge greatly obstructs the river in high water, and is a nuisance, and injurious to the plaintiffs' mill privileges above. The plaintiffs contend that the defendant is liable in law for such injury; and the defendant contends that he is not.

" 2d. The defendant has since 1822, down to 1848, from time to time removed natural obstructions, namely, stone, from the river just above said arch bridge. This is beneficial to the plaintiffs' mill privileges above, and will be much more so when said arch bridge shall be removed. The defendant contends that such benefit is available to him in law as a compensation for and in reduction of any damage caused by his dam, flash-boards and said arch bridge; and the plaintiffs contend that it is not.

" In case said benefit be legally available to the defendant in reduction of said damages, and said arch bridge shall be removed by him as herein prescribed, then said benefit shall be taken as an equivalent for and go in full satisfaction of the afore awarded five hundred dollars damages caused by said bridge; and not otherwise."

This case was argued at October term 1855.

*B. F. Butler,* for the plaintiffs.

*J. G. Abbott,* for the defendant.

THOMAS, J. 1. The first question submitted to us in the report is, in substance, whether the defendant may rightfully maintain the arched bridge.

We are of opinion that he cannot. The referees find that " the bridge greatly obstructs the river in high water, and is a nuisance, and injurious to the plaintiffs' mill privileges above."

Upon the facts stated, it would be difficult to say that the county could erect and maintain such a bridge. In constructing the way over the plaintiffs' watercourse, suitable provision should have been made for the passage of the water, so as not to obstruct the plaintiffs' mill. *Perley* v. *Chandler,* 6 Mass. 454. *Rowe* v. *Granite Bridge,* 21 Pick. 344. *Perry* v. *Worcester,*

6 Gray, 544.   If then the defendant had all the right of the
county to maintain the bridge, he might yet be liable for the
continuance of a nuisance.

But he, in fact, bought only the material of the bridge ; the
stone, and not the legal structure, or any right to maintain it.
The bridge, as such, the county neither had the right nor as-
sumed to sell.   The plaintiff became the owner of the stone ;
the right of way, the public easement, having ceased.   A rea-
sonable time for its removal might elapse before the defendant
would be liable ; but after the lapse of such reasonable time  the
defendant had a structure on his own land, the material of
which he owned, and which was in fact and in law a nuisance to
the plaintiffs' mill above.   That nuisance the plaintiffs might
lawfully have removed.   For the injury which it occasions, the
defendant is liable.

2.  The defendant, at different times, from 1822 to 1848, re-
moved natural obstructions from the river, namely, stone, just
above said arched bridge.   Such removal was beneficial to the
plaintiffs' mill, and the defendant claims that such benefit is
legally available to him, as a compensation for the damage caused
by his dam and the arched bridge.   Whether it is so or not, is
the second and last question, submitted in the report.

There is a seeming equity in this claim.   Yet it is plain, as
matter of law, that it is no answer to a nuisance to my neigh-
bor's right, to say, I had before done him a benefit, even on the
same land.   The law, in the matter of nuisance, has no doctrine
of set-off or recoupment.   The clearing of the bed of the river,
and the erection of the bridge and its maintenance, were wholly
distinct acts, having no connection in time or fact.

Where the acts are part and parcel of one operation, and done
at the same time, the result claimed might be reached, but not
strictly in the way of compensation.   As if, for the building of
a dam, a party removes a ledge of rock from the bed of the
stream above its site, and the effect is, that with the dam the
water is set back no higher on the mill above than before, no
injury is done to the mill-owner above ; the water in the stream
is not raised by the joint result of acts that were part of one and

the same operation. But where, as in the case before us, the acts are separate and distinct, there can be no balancing and setting off of benefit and injury.

It was suggested by the plaintiffs, that the one class of acts ought to be no compensation for the other; because the plaintiffs would have no assurance that the defendant might not, at any time hereafter, restore the obstructions to the bed of the stream. We have not felt that the case could rest on this ground; because if he would ordinarily have such right, which is by no means clear, yet the judgment upon the award in this case, and upon the facts in the record, would conclude him.

*Judgment upon the award for the plaintiffs.*