Battle, J.
 

 At common law, the injury caused by the erection of a dam across a running stream, and ponding the water back upon the land of a proprietor above, was redressed by an action on the case. If the dam were continued, the action might be brought from time to time, until the defendants were compelled, by multiplication of the damages and costs, to remove the nuisance. It is certain that any incidental advantages that might accrue to the land overflowed from the continuance of the dam, would not defeat the action, however they might lessen the damages. If one person should, against the will of another, cart manure upon his field, the latter could recover damages for the trespass, although the field might be benefitted by the manure, and he might recover, at least, nominal damages from year to year, should the trespass be repeated, although the land might be made rich by the operation. The Act of 1809, embraced in the Revised Statutes, ch. 74, sec. 9,
 
 et seq.,
 
 (Rev. Code, ch. 71, sec. 8,
 
 et seq.^j
 
 which was passed in favor of mill owners, altered the remedy so far as the mode of proceeding to recover the damages and costs was concerned, but did not affect the principle of the right of action except in one particular: in the 15th section of the act, as contained in the Revised Statutes, (sec. 14, Rev. Code,) it is declared “ that if the verdict of the jury be that the pe
 
 *123
 
 titioner lias sustained no damage, then be shall pay the costs of the petition, &c.” At common law be would have been entitled to a penny, at least, for it is assumed that the water was thrown upon his land by the dam of the defendants.
 

 In the present case the instruction prayed on behalf of the petitipner, and refused by the Court, was founded upon the supposition that the defendants’ dam was then doing some injury to his (petitioner’s) land, as the water was ponded back upon it. We think that he had the right to have the question, whether, in fact, the land was then injured or not, passed upon by the jury. The inquiry whether his land had previously been improved in value by a nuisance, to the continuance of which neither he nor his vendor had ever assented, had nothing to do with his right of action at that time. The jury might, indeed, have found that he had not sustained any damage during the period to which his suit referred, and in that case he would have had to pay the costs of his petition; but he had the right to have the opinion of the jury upon that question, and we think his Honor erred in depriving him of it.
 

 The judgment is reversed and a
 
 venvre de novo
 
 awarded.
 

 Pee Cueiam. Judgment reversed.