Action to recover damages by reason of an alleged nuisance in the construction and operation of the defendant's plant.
There was evidence on part of plaintiff tending to show "that she was the owner in fee of 2 1/2 acres of land with a cottage house upon it, situated in Durham Township in the county of Durham, near the property and plant of the defendant; that the said property was on the macadam road leading east from East Durham in the city of Durham, and the defendant's plant and property was on the opposite side of said road; that the plaintiff's property was in a northerly direction from *Page 69 
the defendant's plant; that prior to and at the time defendant's plant was originally constructed her residence was near said plant, and that the plaintiff's house was built prior to said time, and that it was rented, but not occupied by the plaintiff as a residence; that her said lot was capable of being divided into building lots, and was also capable of being used for agricultural purposes; that part of defendant's plant was erected five or six years before this action was tried; that little more than a year before the time the defendant built its acid plant, and began the operation of the same in June, 1911; that there was no complaint and no suit against the defendant prior to the time of the erection of the acid plant or chambers; that since the erection of the said acid chambers, in which sulphuric acid is made, the gases and fumes escaping from the plant permeated the surrounding atmosphere, causing people to cough and sneeze, irritating eyes, throat, and nose, disagreeable in odor and pungent to the smell; that the effect of the escaping gases was to kill vegetation, trees, corn, millet, (85) snaps, tomatoes, flowers, grapevines, pine trees, willow oaks and other trees, and the dust from the phosphate rock covered the floors of the porches, was carried into the houses, settled on food and drinking-water, and that the people living near it had to keep their windows and doors closed facing in the direction of defendant's plant; that the defendant's plant was operated day and night, and every day in the week, and these odors were discovered 300 and 400 yards from the defendant's plant; that in the fall of 1911 the plaintiff was contemplating building other residences upon her property, but did not do so on account of the acid plant of the defendant"; and further testimony as to the amount of the pecuniary injury. There was evidence of defendant in denial of plaintiff's right to recover, that the injury done to plaintiff's property was not near so extensive as claimed, and that, on the whole, the value of such property was greatly enhanced by the construction and operation of defendant's works. The parties having elected to treat the case as an action for permanent damages, issues were submitted as follows:
1. Are the plaintiffs the owners of the property described in the complaint?
2. Has the plaintiffs' property been injured by the wrongful act of the defendants, as alleged in the complaint?
3. What permanent damages, if any, have the plaintiffs sustained?
In his charge on the third issue, the court, among other things, instructed the jury as follows: "In considering the question of damages, you cannot take into consideration any increase in the value of the *Page 70 
property by reason of the establishment of this plant and making a market and demand for labor, and therefore an increased demand for buildings or an increase in the value of property. In other words, the plaintiff will not be permitted in this case to have value of her property increased by reason of the location of the defendant's plant and the increased demand for houses and labor, and at the same time charge for diminution in value by reason of the presence of gases and odors."
There was verdict for plaintiff, assessing permanent damages at $300. Plaintiffs excepted to the charge on that issue, and appealed.
Plaintiff excepted to the charge of the court on the issue as to damages, the objection being that it fixes an improper valuation of plaintiff's property as a basis for estimating the damages suffered. We are of opinion that the position is well taken. On the facts in evidence, it appears that the plant of defendant company was erected and carried on for five or six years without damage done or threatened to plaintiff's property, and that the injury arose by reason of an enlargement of the operations, including the construction and maintenance of certain chambers or tanks for the manufacture of sulphuric acid about one year before action commenced. This is the time the wrong was committed, and plaintiff is clearly entitled to have the value of his property considered as of that date, whether its value was owing to the existence of the plant or otherwise. It was not open to defendant to invoke and use the benefits arising by reason of a former and rightful operation of its plant as a protection for the subsequent wrong. Kimel v. Kimel, 49 N.C. 121; Giles v.Stevens, 79 Mass. 146; Talbot v. Whipple, 73 Mass. 122. The portion of his Honor's charge above excepted to in effect withdrew from the jury, as a basis of estimate, any and all enhancement of value on plaintiff's property by reason of the existence of defendant's plant either before or after the injury, and is prejudicial error, entitling plaintiff to a new trial of the issue. Taking, then, the value indicated as a proper basis and in reference to the enlargement of the plant, including the addition of the acid tanks, etc., from which the injury resulted, when an action is brought for recurring damages, by reason of a nuisance in the operation of a manufacturing plant, causing injury to an adjoining or neighboring proprietor, the general rule is that incidental benefits or enhancement of value by reason of such plant or its enlargement, etc., may not *Page 71 
be considered in diminution of damages. Francis v. Schoellkoff,53 N.Y. 152; Sulphur Co. v. Barnes, 60 S.W. 593 (Tenn. (87) Chancery); 2 Wood on Nuisances (3 Ed.), sec. 877.
But where, as in this case, the parties elect to treat the action as one for permanent damages, the suit then amounts to the partial taking of another's property, and it becomes in effect proceedings to condemn on the complainant's land an easement to operate the plant for all time in the specified way, and the damages are awarded very much on the principles which obtain in proceedings of that character, the true measure being the difference in value of the property with and without the existence of the wrong, diminished by the incidental benefits especial and peculiar to the property by reason of the plant as enlarged and conducted, but not by any benefits which are common to property of like kind and similarly situated in that immediate neighborhood. R. R. v. Platt Land, 133 N.C. 266; R. R. v.Estelee, 76 Ky., pp. 667-677; Sutherland on Damages, sec. 1056; 21 A. E. (2d Ed.), Title, Nuisances, p. 730. The general position is very well stated in the last citation, as follows: "The general rule is that the incidental benefits accruing to plaintiff cannot be set off against the damages resulting from the nuisance, as the plaintiff cannot be required to accept indemnity in any manner other than that provided by law; but, when a nuisance operates as a partial taking of the plaintiff's property, any resulting benefit peculiar to him may be considered in mitigation of damages."
For the error indicated, plaintiff is entitled to a new trial on the issue as to damages.
Partial new trial.
Cited: Donnell v. Greensboro, 164 N.C. 335; Brown v. Chemical Co.,165 N.C. 423; Rhodes v. Durham, ib., 680.