ALEX SMITH v. TOWN OF MORGANTON.

(Filed 31 May, 1924.)

**Waters—Riparian Owners—Diversion of Flow—Lower Proprietor—Damages—Easements—Municipal Corporations—Cities and Towns.**

> A riparian owner is entitled to the natural flow of a stream of water running through or along his land in its accustomed channel, undiminished in quantity and unimpaired in quality, except as may be occasioned by a reasonable use of the water by other like proprietors, as a right, not as an easement, inseparably annexed to the soil; and *held*, a city or town that causes damage to the lower proprietor by damming the stream and diverting the use of the waters for the use in connection with its sewer system and for its inhabitants, is liable in damages, though the lower proprietor may not, at the time, be using the stream for any purpose.

APPEAL by defendant from *Long, J.,* at January Special Term, 1924, of BURKE.

The suit was brought against the town of Morganton and Boyd, Higgins & Goforth, Inc., for the recovery of damages for the diversion of water. The plaintiff alleged that he was the owner of two tracts of land in Burke County through which the regular volume of a water course known as Henry River formerly flowed, and that the defendants had unlawfully and wrongfully constructed a permanent dam across the river a mile above the lands of the plaintiff, had unlawfully diverted the water from his land by means of underground pipes, and had wrongfully obstructed the flow thereof to his damage.

The defendants filed an answer admitting that they had constructed a concrete dam across the river in an inaccessible and sparsely inhabited portion of the county, and that through pipes a portion of the impounded water was conveyed into Morganton and there delivered to the inhabitants of the town for public and private use. They alleged that the town constructed a system of waterworks as a public necessity by

virtue of Private Laws 1913, ch. 104; Private Laws 1917, ch. 108; Private Laws 1921, Ex. Sess., ch. 91, and the amendments thereto; that the quantity of water taken from the river was inconsequential, and that they had incurred no liability to the plaintiff.

Before the introduction of evidence, the plaintiff took a voluntary nonsuit as to Boyd, Higgins & Goforth, Inc., and prosecuted the suit against the town of Morganton.

The following verdict was returned:

1. Is the plaintiff, Alex Smith, seized and possessed of the lands described in the complaint? A. Yes, except that portion of the three-acre tract embraced in a deed made by plaintiff to L. A. Chapman, as per said deed on public registry, Book B-5, p. 39.

2. Did the defendant, Town of Morganton, unlawfully and unreasonably and permanently divert the water of Henry River from the lands of the plaintiff, Alex Smith, as alleged in the complaint? A. Yes.

3. If so, what permanent damages, if any, is the plaintiff, Alex Smith, entitled to recover of the defendant? A. $100.

Judgment for the plaintiff. Appeal by defendant.

*S. J. Ervin and S. J. Ervin, Jr., for plaintiff.*
*W. A. Self and L. E. Rudisill for defendant.*

ADAMS, J. The plaintiff contends that he is a lower proprietor from whose land the natural flow of the water in Henry River has been unreasonably diverted by the defendant; that by reason of such diversion the value of his land has been diminished, and that he is entitled to the recovery of damages. His contention therefore involves the question of a riparian owner's rights in a stream of water flowing through or adjacent to his land. Such rights are governed by principles which have been settled and frequently applied.

Farnham says that a comprehensive statement of the rights of a riparian owner is that he has a right to have the stream remain in place and to flow as nature directs, and to make such use of the flowing water as he can make without materially interfering with the equal rights of the owners above and below him on the stream. Furthermore, the right to have a natural water course continue its physical existence upon one's property is as much property as is the right to have the hills and forests remain in place, and while there is no property right in any particular particle of water or in all of them put together, a riparian proprietor has the right of their flow past his lands for ordinary domestic, manufacturing, and other lawful purposes, without injurious or prejudicial interference by an upper proprietor. Waters and Water Rights, secs. 461, 462. This doctrine finds support in our decisions

which hold that a riparian proprietor is entitled to the natural flow of a stream running through or along his land in its accustomed channel, undiminished in quantity and unimpaired in quality, except as may be occasioned by the reasonable use of the water by other like proprietors. *Pugh v. Wheeler,* 19 N. C., 50; *S. v. Glen,* 52 N. C., 321; *Walton v. Mills,* 86 N. C., 280; *McLaughlin v. Mfg. Co.,* 103 N. C., 100; *Adams v. R. R.,* 110 N. C., 326; *Durham v. Cotton Mills,* 141 N. C., 615; *Harris v. R. R.,* 153 N. C., 542.

The defendant says "the shoal and waterfalls" have no intrinsic commercial value, and as the plaintiff has never made practical use of the stream, his action is based on an unappropriated right of user which should not be treated as a property right, but this position is not in accord with the authorities. Riparian rights are inseparably annexed to the soil and pass with it as a part and parcel of it and not as an easement or appurtenant. They are not dependent upon the owner's actual use or appropriation of the flowing water. *Waterworks Co. v. Cline,* 33 L. R. A., 376; *Ulbricht v. Water Co.,* 4 L. R. A., 572; *Railway Co. v. Bancroft,* 38 L. R. A. (N. S.), 526.

After considering the exceptions to the admission of evidence we find no sufficient reason for sustaining them. The questions involved have been discussed in several decisions and decided adversely to the defendant's contention. The remaining exceptions were formal.

No error.