### G. H. BLACK v. TOWN OF BESSEMER CITY.

(Filed 8 May, 1929.)

**Municipal Corporations E d—Where jury finds that plaintiff sustained no substantial damages from sewage disposal plant city not liable for nominal damages—Eminent Domain.**

> Plaintiff is not entitled to nominal damages in an action against a city for the constructive taking of property by depreciating its value by its sewage disposal plant when the city has the right of eminent domain and the jury has found that no actual damage was sustained.

CIVIL ACTION, before *Harding, J.,* at September Term, 1928, of GASTON.

The plaintiff instituted an action against the defendant to recover damages for injury to his land by reason of the erection and operation of a sewage disposal plant.

Evidence was offered in behalf of the plaintiff that the plant produced noxious odors and gases which vitiated the air and thus depreciated the value of his property, and that in addition, the stream flowing through his land was polluted by the effluent from the disposal plant and by water diverted from Long Creek into pipes, septic tanks and reservoirs, and discharged into a stream flowing through the land of the plaintiff.

Several issues were submitted to the jury. The first issue related to the ownership of the land, which was answered by consent.

The second issue was as follows: "Did the defendant divert the water from Long Creek through its tanks and water system into Crowder's Creek and thereby pollute the waters running through and over plaintiff's lands and damage plaintiff's land, as alleged?"

The jury answered this issue, "No," and returned its verdict. Judgment was entered in favor of the defendant and the plaintiff appealed.

*Henry L. Kiser and George W. Wilson for plaintiff.*
*S. J. Durham for defendant.*

PER CURIAM. The plaintiff insisted that his property had been damaged not only by the increase of the volume of water resulting from the diversion of water from Long Creek by the city, but also by reason of noxious odors and gases which invaded the atmosphere so that pollution of both water and air resulted in serious injury to his proprietary rights. Consequently, the plaintiff insisted that the pollution of the stream and of the air amounted in law to a taking of his property, and, therefore, the trial judge should have instructed the jury to award nominal damages at least. This position would be sound except for the provision of C. S., 2805, which expressly confers upon municipalities the right to "construct, establish, maintain and operate" sewerage systems, and in order to make such power effective the right of eminent domain is conferred. *Hines v. Rocky Mount,* 162 N. C., 409, 78 S. E., 410; *Rhodes v. Durham,* 165 N. C., 679, 81 S. E., 938; *Smith v. Morganton,* 187 N. C., 801, 123 S. E., 88.

The plaintiff further insists that the issue submitted by the trial judge and answered by the jury excluded the element of damages claimed by him, arising from the pollution of the air, by confining his recovery exclusively, to the aspect of diversion of water. It appears, however, from the record that this element of injury was submitted to the jury in these words: "It is proper for you, however, to consider evidence of offensive odors, evidence of the presence of mosquitoes and flies, evidence of pollution of the air made there by offensive odors."

A close scrutiny of the record does not disclose error of law, and the judgment rendered is

Affirmed.