CAROLINE W. HUDSON v. TOWN OF MORGANTON.

(Filed 1 November, 1933.)

**Municipal Corporations E g—Abandoning use of land through apprehension of violating watershed regulations will not support action against city.**

Plaintiff brought action alleging that through apprehension of violating sanitary regulations promulgated by defendant city for lands within its watershed she abandoned the use to which she had previously put her land, her apprehension being based on ignorance of the regulations through defendant city's failure to serve notice of such regulations on her as required by statute and her apprehension of incurring the penalties therein provided: *Held,* defendant's demurrer to the complaint was properly sustained, the city having acquired no easement in the lands by grant, prescription, dedication or condemnation, and the plaintiff not being liable for the statutory penalty unless notice of the regulations had been served on her, and the complaint failing to allege any actual trespass by defendant, or any action on its part to enforce the regulations, or that defendant had wrongfully diverted or diminished the flow of water on plaintiff's land, or any specific allegation that plaintiff's land was within defendant's watershed.

APPEAL by plaintiff from *Finley, J.,* at June Term, 1933, of BURKE. Affirmed.

The plaintiff alleges that the defendant deprived the plaintiff of the beneficial use and occupation of her land by establishing a watershed and using water from a creek which ran through the premises; by forbidding trespassing on the watershed or interfering with the water system; and by failing to comply with C. S., 7116, *et seq.*

The defendant filed an answer denying the material allegations of the complaint and pleading the provisions of Private Laws, 1927, chap. 26, and demurred to the complaint on the ground that it does not state a cause of action.

The trial court dismissed the action and gave judgment as follows:

"It appearing to the court that plaintiff's cause of action is alleged injury or damage to her premises by reason of the defendant taking

water from·a stream flowing through defendant's premises in the effort of the defendant, in the exercise of governmental function or duty, to protect its watershed, and it further appearing to the court that the plaintiff's alleged cause of action as aforesaid fails to allege in the complaint herein filed that the defendant, town of Morganton, actually entered on any portion of plaintiff's said lands or committed any actual trespass thereon, and that such alleged cause of action fails to allege any actual trespass by the defendant on plaintiff's said premises; it further appearing to the court that it is nowhere alleged in plaintiff's complaint that the defendant, town of Morganton, took any action whatever in any regular or call meeting with respect to plaintiff's said lands or premises; it further appearing to the court that plaintiff fails to allege that any claim for damages was filed by the plaintiff with the defendant, town of Morganton, within 90 days from the accrual of said cause of action. The court is of the opinion that plaintiff has failed to state a cause of action in her complaint against the said defendant, town of Morganton, and sustains the defendant's motion."

The plaintiff excepted and appealed.

*I. T. Avery for appellant.*
*Mull & Patton for appellee.*

ADAMS, J. The judgment of the Superior Court is affirmed. The defendant has not acquired an easement in the land of the plaintiff by grant, prescription, dedication, or condemnation. *Davis v. Robinson.* 189 N. C., 589; *Draper v. Conner Co.,* 187 N. C., 18. Nor does the plaintiff allege that the defendant made an unlawful entry upon her land by a technical trespass. The waters of Jerry's Creek have not been wrongfully diverted or diminished to the injury of the plaintiff and the pipe extending from the creek to the main pipeline is not alleged to be on the plaintiff's premises. The defendant has not physically invaded or taken the plaintiff's property, but she insists that her right to compensation is not necessarily dependent upon the physical appropriation of her land. It is true that a municipal corporation may be liable for damages carried through the medium of polluted water or noxious air, or similar nuisance, and to this extent the damages would be deemed a taking or appropriation. *Rhodes v. Durham,* 165 N. C., 681; *Dayton v. Asheville,* 185 N. C., 12; *Sandlin v. Wilmington, ibid.*, 257. But the plaintiff's alleged cause of action is not within the principle upon which these cases were decided.

The sanitary inspector is directed personally to give to the head of each household on the watershed, or in his absence to some member of the household, instructions necessary to the proper sanitary care of his

premises. These instructions must be followed, any person refusing or neglecting to comply with them being guilty of a misdemeanor. C. S., 7121, 7123. The plaintiff alleges that the defendant failed to observe these statutes and that because of her apprehension of incurring the penalty prescribed by section 7123 and of being· prosecuted for alleged trespass upon the watershed she was forced to abandon the legitimate use of her premises as a home and farm. Her apprehension in these respects does not constitute a cause of action. If, as she alleges, the defendant failed to furnish the instructions for sanitation she would not have been subject to a penalty, the enforcement of which was dependent on a precedent condition which the defendant had not performed; and with reference to the notice to trespassers it may be said that the complaint has no distinct allegation that the notice was posted on the plaintiff's premises or that the watershed included her land, any implication in reference to the latter proposition arising from the alleged conversation between the plaintiff and the mayor of the town being remote and inadequate. And it is not easy to perceive in what way the abandonment by the authorities of a public road on the land in question would result in liability on the part of the defendant.

Neither of the appellant's exceptions, all of which have been considered, affords good cause for a new trial.

Affirmed.