R. H. PERNELL v. CITY OF HENDERSON AND HENRY T. POWELL, T. H. CRABTREE, W. R. TROGDEN, B. H. HICKS. M. W. WESTER, T. W. ELLIS, F. B. HIGHT, M. Y. COOPER AND C. M. HIGHT, INTERVENING DEFENDANTS, APPELLANTS.

(Filed 30 September, 1942.)

**Municipal Corporations §§ 45, 48—**

After an opinion of the Supreme Court, settling a controversy between a municipality and another over riparian rights in a stream on which the city maintains a water plant, citizens and taxpayers of the city will not be allowed to become interveners and reopen the case, as on no theory do they represent a separate justiciable right.

APPEAL from *Stevens, J.*, at March Term, 1942, of VANCE. Affirmed.

*W. H. Yarborough and Gholson & Gholson for plaintiff, appellee.*
*A. A. Bunn, City Attorney, Jasper B. Hicks and J. H. Bridgers—Attorneys for the intervening defendants—for defendants, appellants.*

SEAWELL, J. For a statement of the facts in this case, we refer to *Pernell v. Henderson,* 220 N. C., 79, 16 S. E. (2d), 449, relating to the same controversy.

After the opinion in that case was handed down, certain citizens and taxpayers, now appellants, filed a motion before the clerk of the Superior Court to be allowed to intervene as parties defendant. The motion was allowed and they filed an answer to the complaint. Upon motion by plaintiff upon notice and hearing, Judge Stevens vacated the clerk's order and declined to permit the intervention. The moving parties appealed.

In filing their motion appellants based their right to intervene upon their status as taxpayers, upon whom "a portion of any recovery of damages" will fall in case of recovery by the plaintiff. However, the answer filed before the clerk is more revealing. In this they represent themselves as beneficiaries of a trust which the city administers for them as legal owner under the deed by which it holds its waterworks plant on Sandy Creek and argue that this constitutes them riparian owners, using the water through the vicarious offices of the city water department and distributing system. When the case was here before, it was argued that the city itself was riparian owner because its patrons—albeit at a price—used the water for domestic purposes.

We do not think it necessary at this stage of the case to go too profoundly into the learning which the research and resourcefulness of able counsel have uncovered. We are convinced that on no theory of relation of which we are aware could the appellants be necessary parties to the litigation. They represent no separate justiciable right or proprietary

interest which might be affected by the judgment; and there is no issue involved which the city is not competent to defend in its own corporate capacity. *Smith v. Morganton,* 187 N. C., 801, 123 S. E., 88; *Sink v. Lexington,* 214 N. C., 548, 200 S. E., 13; *Pernell v. Henderson,* 220 N. C., 79, 16 S. E. (2d), 449.

The judgment denying the intervention is

Affirmed.