PARKS ANDREWS McLEAN, SARAH McLEAN RUMPLE, CHRISTINE McLEAN PATTERSON, ALMA McLEAN SHERRILL, WILLIAM BERT McLEAN AND LOIS McLEAN CARSON (ORIGINAL PARTIES PLAINTIFF), AND MRS. ELMA McLEAN (ADDITIONAL PARTY PLAINTIFF), v. TOWN OF MOORESVILLE, NORTH CAROLINA.

(Filed 8 April, 1953.)

Municipal Corporations § 15b: Eminent Domain § 26—Upon payment of permanent damages caused by storm sewer line, city is entitled to easement.

Where plaintiff landowners demand permanent damage in their action against a municipality for trespass based upon the construction by the municipality of a storm sewer line over their lands, and defendant municipality prays for an easement for the purpose of maintaining such drainage system, *held* under the verdict and judgment awarding permanent damage the municipality, upon payment of the damages awarded, acquires a permanent easement to maintain its storm sewer line so long as it is kept in proper repair, and the court properly refuses to sign a judgment that defendant be restrained from maintaining the storm sewer line. G.S. 160-204, G.S. 160-205.

APPEAL by plaintiffs from *McLean, Special Judge,* at December Term, 1952, of IREDELL.

Civil action (1) to recover $1,000 permanent damage to property of plaintiffs in town of Mooresville by reason of the construction by defendant of a "water sewer drainage line" across same, and (2) to permanently enjoin defendant from continuing trespass upon plaintiffs' property.

Defendant, answering, admits that, as a part of its water drainage system, it has laid a line of pipe across the land of plaintiffs to carry the surface water falling in that area, and that it is necessary for the town of Mooresville to have an easement for a right of way 12.5 feet on each side of a given center line, specifically described in amendment to answer, across the land of plaintiffs for the purpose of maintaining its drainage system. And defendant prays that it be granted, and declared the owner of such easement, etc.

Upon the trial plaintiffs offered evidence tending to show the fair market value of their land, prior to the time the pipe was laid, and the fair market value of it after the pipe was laid.

Defendant offered evidence relating to same.

The case was submitted to the jury upon these issues:

"1. Has the defendant committed a continuing trespass by going upon the lands of the plaintiffs and taking a right of way 25 feet wide and 325 feet long, for the purpose of installing its storm sewer line, as admitted in the answer?

"2. Has the act of the defendant in operating its storm sewer line over the lands of the plaintiffs constituted a nuisance, as alleged in the complaint?

"3. What permanent damages are the plaintiffs entitled to recover?"

By consent the first issue was answered "Yes," and the jury answered the second "Yes," and the third "$1,000."

Plaintiffs tendered judgment (1) that they have and recover of defendant the sum of $1,000, together with the costs of the action to be taxed by the Clerk; and (2) that defendant be restrained from continuing the nuisance on their land "by either of the following methods, on or before the 12th day of January, 1953: (a) By removing the drainage sewerage pipe now partially extending on the plaintiffs' property and refrain from further allowing the drainage to be directed over or through the plaintiffs' property; (b) by extending the pipe across the plaintiffs' property, so that it completely traverses the plaintiffs' lands." The trial judge refused to sign the judgment so tendered. Plaintiffs excepted.

Thereupon the court entered judgment (1) that plaintiff have and recover of defendant the sum of $1,000, together with the costs of the action to be taxed by the Clerk; and (2) that defendant is the owner of an easement for sewer purposes over and across the lands of the plaintiffs as described in the amendment to the answer.

Plaintiffs appeal to Supreme Court, and assign error.

*Finch & Chamblee for plaintiffs, appellants.*
*Zeb V. Turlington and William R. Pope for defendant, appellee.*

Winborne, J.   The trial in the court below was upon the theory of the assessment of permanent damages.   To have such damages assessed was a right of plaintiffs.   See *Donnell v. Greensboro,* 164 N.C. 330, 80 S.E. 377.

Also, defendant Town of Mooresville, being a municipality with the right to condemn an easement for drainage purposes, G.S. 160-204 and G.S. 160-205, had the right to have such damages determined and assessed. See *Wagner v. Conover,* 200 N.C. 82, 156 S.E. 167.

In *Rhodes v. Durham,* 165 N.C. 679, 81 S.E. 938, *Hoke, J.,* writing for the Court, said : "Our decisions are also in support of the proposition that where the injuries are by reason of structures or conditions permanent in their nature, and their existence and maintenance is guaranteed or protected by the power of eminent domain or because the interest of the public therein is of such an exigent nature that right of abatement at the instance of an individual is of necessity denied, it is open to either plaintiff or defendant to demand that permanent damages be awarded; the proceedings in such cases to some extent taking on the nature of condemning an easement," citing cases.

The present case is in line with the principle so declared.   Here the plaintiffs have asked for permanent damages for the storm sewer line. The jury has assessed, and the judgment has awarded to plaintiffs permanent damages therefor.   Indeed, the judgment tendered by plaintiffs provides for the payment of such damages so awarded.   Moreover, the defendant has prayed for, and the judgment has granted to it an easement for the storm sewer line, and adjudged that it shall pay to plaintiffs the amount of the award for permanent damages.

Applying decisions of this Court, upon payment of such damages the defendant Town of Mooresville will acquire permanent right to operate and maintain its storm sewer line across the lands of plaintiffs so long as it is kept in proper repair.   The principle is epitomized in explanatory comments of *Devin* and *Denny, JJ.,* in denying petition to rehear *Veazey v. City of Durham,* 232 N.C. 744, 59 S.E. 2d 429.

Hence in the judgment from which appeal is taken, we find

No error.