ABNER PRENTISS *vs.* WILLIAM B. WOOD.
SAME *vs.* CHARLES ALDRICH.

Worcester.    Oct. 5, 1881. — April 4, 1882.    LORD, W. ALLEN & C. ALLEN, JJ., absent.

A. brought an action in two counts, one in tort and one in contract, against B., for damages caused by B.'s dam setting the water back upon A.'s mill. Subsequently the parties, by an agreement under seal, submitted "all matters covered by the suit" to a referee, who made an award in favor of A., giving him damages for setting the water back upon his wheel for six years prior to the date of his writ. A. afterwards brought another action with similar counts against B. for a continuance of the nuisance. It appeared at the trial, that the award of the referee was for damages claimed upon the count in tort; and that the dam was kept up to the same height as at the date of the former action. *Held,* that the award established conclusively that the dam was kept up to the height it then was without right, and was a nuisance; and that these facts could not be controverted in this action by B. and his privies.

A mill-owner, whose mill is injured by a dam erected and kept up without right, may maintain an action, against the person who erected it, for injuries sustained after the wrongdoer has conveyed the dam to a third person.

An action for damages sustained within six years by the wrongful continuance of a dam is not barred by the statute of limitations, although the dam was erected without right more than six years before the date of the writ.

TWO ACTIONS OF CONTRACT, each containing a count in tort, to recover damages alleged to have been caused to the plaintiff's mill by reason of the defendant's dam setting the water back upon the same. Writs dated May 23, 1878. The cases were tried together in the Superior Court, before *Aldrich,* J., who directed a verdict for the plaintiff in each case; and reported the cases for the determination of this court. If the direction was right, judgments were to be entered upon the verdicts; otherwise, the verdicts were to be set aside; or, if erroneous in one case and not in the other, the verdict was to be set aside in that case, and judgment entered on the verdict in the other case. The facts appear in the opinion.

*F. T. Blackmer,* for the defendants.

*F. P. Goulding,* for the plaintiff.

MORTON, C. J. These two cases were tried together. By consent of the parties, certain specific questions were submitted to the jury, and the final ruling of the court, which alone is excepted to, was based upon their answers to these questions, and upon the other undisputed facts in the case. We must therefore assume as true the facts established by the findings of the jury, and such other facts as were not controverted at the trial.

It appeared that, in February 1876, the plaintiff brought an action against the defendant Wood in the Superior Court, the declaration containing a count in tort and a count in contract substantially the same as the two counts in these actions. In September 1876, the parties by an agreement under seal submitted to three referees " all matters covered by the suit aforesaid," and, in February 1877, the referees made an award in favor of the plaintiff, giving him damages for setting the water back upon his wheel for six years prior to the date of the writ in that case. The auditor to whom the present cases were referred found as a fact, which was not controverted by the defendant, that the award of the referees was for damages claimed upon the count in tort. The question whether the defendant

Wood had a right to maintain his dam at the height it then had, was necessarily involved in the award, and upon this question, therefore, the award is conclusive against Wood and his privies. They cannot now reopen and retry the same question. *Smith* v. *Boston & Maine Railroad*, 16 Gray, 521. *Reed* v. *Goss*, 2 Allen, 600. *Bates* v. *Sloan*, 5 Allen, 178. *Gordon* v. *Saxonville Mills*, 14 Allen, 219. The award establishes conclusively that the dam was kept up to the height it then had without right, and was a nuisance. Upon no other ground could the count in tort have been maintained.

The defendant Wood bought the mill privilege and dam in 1846, and remained the owner until November 1875, when he conveyed it to Erastus Davis, who was at this time in possession under a lease. The deed to Davis was not recorded, and the plaintiff had no notice of it. Davis remained in possession until April 6, 1877, when, the defendant Aldrich desiring to purchase the estate, Wood bargained with Davis for his interest therein. Davis surrendered to Wood his unrecorded deed, and Wood conveyed the estate to Aldrich, who has ever since remained in possession. The plaintiff seeks to recover damages from Wood from February 16, 1876, the date of the writ in the former action, to April 6, 1877, and from Aldrich from the latter date to the date of the writ in this action. It appeared at the trial that the dam is now of the same height as in 1876, it having been raised by the defendant Wood in 1865; and that the damage to the plaintiff was caused by this raising of the dam, and its continuance.

It is settled that a person who is injured by a continuing nuisance may maintain an action against the original tortfeasor, who creates it, or against any grantee who continues it after a request and refusal to abate it, in regard to which no question is raised in the case against Aldrich. *Penruddock's case*, 5 Rep. 100 *b*. *Roswell* v. *Prior*, 12 Mod. 635. *Woodman* v. *Tufts*, 9 N. H. 88. *Plumer* v. *Harper*, 3 N. H. 88. *Pierson* v. *Glean*, 2 Green (N. J.) 36. *McDonough* v. *Gilman*, 3 Allen, 264. The defendant Wood, therefore, is liable as the original creator of the dam, at the plaintiff's election, after his sale to Davis, and it is unnecessary to consider what might, under other circumstances, be the effect of the fact that the deed to Davis was not recorded.

The ground taken by the defendants, that these suits are barred by the statute of limitations, cannot be maintained. A person who continues a nuisance is liable to successive suits, each continuance being a new nuisance, and therefore the plaintiff in these actions is entitled to recover for all damages accruing after the award above referred to, it being within six years of the date of his writs. *Hodges* v. *Hodges*, 5 Met. 205.

The views we have taken make it unnecessary to discuss many of the points urged in the elaborate arguments of the counsel. It is the necessary result of these views that the plaintiff is entitled to maintain his count in tort against both defendants.          *Judgments upon the verdicts.*