CITY OF WORCESTER *vs.* VINCENT GENCARELLI. No. 91-P-1380. February 5, 1993. *Wetlands Protection Act. Administrative Law*, Exhaustion of remedies. *Limitations, Statute of. Municipal Corporations*, Conservation commission.

The city of Worcester (city) sought injunctive relief in the Superior Court under G. L. c. 214, § 7A, to force the defendant to remedy damage to a wetland on his property and to comply with the orders and conditions issued by the Worcester conservation commission (commission) relating to that property. After the Superior Court judge entered judgment for the city in a jury-waived trial, the defendant filed this appeal on the grounds that the city's action was barred by its failure to exhaust administrative remedies before filing suit in the Superior Court and by the two year statute of limitations contained in G. L. c. 131, § 91. The defendant also claims that the judge's findings were inadequate and that an expert witness's fee of $300 should not have been awarded as costs. We affirm the judgment, with a minor modification.

The facts are not disputed. The defendant placed fill on a wetland owned by him without filing a notice of intent with the commission. See G. L. c. 131, § 40. On February 13, 1986, the commission issued an enforcement order requiring the defendant to cease his site work, remedy the damage done, and file the appropriate applications with the commission to do work on the site. The city sought compliance with these orders by written notice to the defendant in April, 1986, May, 1987, and January and

April, 1989. The defendant did file a notice of intent with the commission on or about May, 1987. The commission rejected the work proposed by the defendant in his notice of intent in June, 1989. The defendant did not appeal that decision to the Department of Environmental Quality Engineering (department). The city commenced this action on August 22, 1989.

1. *Failure to exhaust administrative remedies.* The defendant argues that the city was required to pursue administrative review by the department before seeking relief in the Superior Court to enforce its orders. The defendant relies upon *Wilczewski* v. *Commissioner of the Dept. of Envtl. Quality Engr.*, 404 Mass. 787, 792 (1989), to support his argument. The defendant's reliance upon that case is misplaced. Unlike the landowner in the *Wilczewski* case who filed a notice of intent with the commission before commencing work and appealed the commission's decision to the department, the defendant here did not file a notice of intent with the commission before undertaking his work in 1985; and when he finally filed a notice of intent in 1987 he did not take an appeal from the negative response to his notice of intent by the commission. There is nothing in the statutory scheme of G. L. c. 131 or the department's regulations promulgated thereunder, 310 Code Mass. Regs. §§ 10.00 et seq. (1987), which requires a city to seek administrative review of its orders before seeking judicial relief to restrain violations of G. L. c. 131, § 40. Indeed, G. L. c. 131, § 40, specifically provides that a city may bring an action under G. L. c. 214, § 7A, to restrain violations of this section. Simply put, there were no administrative remedies for the city to exhaust before suit was commenced in 1989.

2. *Statute of limitations.* Since the city's enforcement order was based on the defendant's single act of dumping fill on the wetland on his property in November or December, 1985, and the city did not commence this action until August 22, 1989, the defendant claims the action is barred by G. L. c. 131, § 91, as appearing in St. 1967, c. 802, § 1, which provides: "Actions . . . under this chapter shall, unless otherwise expressly provided, be commenced within two years after the time when the cause of action accrued . . . ." The judge found that the filling of the wetland was continuing to cause significant environmental damage and allowed injunctive relief under G. L. c. 214, § 7A. There was no error. The presence of the fill is a continuing violation of G. L. c. 131, § 40, warranting injunctive relief under G. L. c. 214, § 7A. See *Commonwealth* v. *John G. Grant & Sons*, 403 Mass. 151, 157 (1988). This case is analogous to a proceeding against a continuing nuisance which is not barred by the statute of limitations because of the recurring nature of the harm. *Prentiss* v. *Wood*, 132 Mass. 486, 489 (1882). *Wells* v. *New Haven & Northampton Co.*, 151 Mass. 46, 49-50 (1890). *Sixty-Eight Devonshire, Inc.* v. *Shapiro*, 348 Mass. 177, 183-184 (1964).

3. *Other claims.* The defendant claims that the findings of the trial judge do not comport with Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). "The nature and exactness of the findings required depends on the circumstances of the particular case." *Leader* v. *Hycor, Inc.,* 395 Mass. 215, 224 (1985), quoting from *Kelley* v. *Everglades Drainage Dist.,* 319 U.S. 415, 419 (1943). Based on the record before us, we deem the findings adequate to support the judge's conclusions.

We agree, however, with the defendant that the city should not have been awarded an expert witness fee of $300 as costs for the testimony of a member of its conservation commission. *Waldman* v. *American Honda Motor Co.,* 413 Mass. 320, 321-324 (1992). That assessment shall be struck from the judgment. As so modified, the judgment is affirmed.

*So ordered.*

*Darragh K. Kasakoff* for the defendant.
*Arthur J. Goldberg,* Assistant City Solicitor, for the plaintiff.