IRMA CARPENTER *vs.* TEXACO, INC., & others[1]
(and two companion cases[2]).

Suffolk. January 9, 1995. - March 2, 1995.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Limitations, Statute of. Massachusetts Oil and Hazardous Material Re-
lease Prevention Act. Nuisance. Trespass. Real Property,* Trespass,
Nuisance.

A Superior Court judge correctly allowed defendants' motions for sum-
  mary judgment on trespass and nuisance claims arising from the con-.
  tamination of real property by gasoline that had leaked from an under-
  ground tank, where the actions were not commenced within three years
  of the date when the plaintiffs became aware of the pollution: where the
  release of gasoline and resulting seepage onto the plaintiffs' property
  ended more than six years before the actions were brought there was no
  continuing trespass or nuisance to support the claims. [582-584]
There was no merit to plaintiffs' claims that pendency of actions brought
  by the Commonwealth under G. L. c. 21E, the Massachusetts Oil and
  Hazardous Material Release Prevention Act, should, in effect, toll the
  three-year statute of limitations for plaintiffs' claims for damages
  against the same defendants arising from the pollution of plaintiffs'
  property. [584]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment, two on October 16, 1991, and one on January 21,
1992.

After the cases were consolidated for trial, motions for
summary judgment were heard by *Margot Botsford,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

---

[1]Hariklia Koronios, as trustee of the Metro Realty Trust, and George
Koronios.

[2]Josephine Kelly *vs.* Texaco, Inc., & others; and Jean Giunta *vs.*
Texaco, Inc., & others.

*George F. Hailer* for the plaintiffs.

*Francis M. Lynch* for Texaco, Inc.

*William F. Hicks* for George Koronios & others.

WILKINS, J. A Superior Court judge allowed the defendants' motions for summary judgment and dismissed the plaintiffs' actions. She did so on the ground that the actions had not been commenced within three years of the date in 1982 when the respective plaintiffs became aware of the pollution of their property by gasoline that had leaked from an underground tank on nearby property. The defendant Texaco once owned a gasoline station on that property but had sold it in 1980. The offending underground tank was removed in 1981. After 1984, there was no continuing release of gasoline from the gasoline station property, nor seepage of gasoline onto the plaintiffs' property. The defendant George Koronios is a current operator of the station. The defendant trustee is the current owner of the land on which the station is located.

The plaintiffs allege causes of action in negligence, nuisance, and trespass, and a claim under the Massachusetts Oil and Hazardous Material Release Prevention Act, G. L. c. 21E (1992 ed.). In response to the defendants' contention that the statute of limitations had run on their claims, the plaintiffs agree that their claims are subject to a three-year statute of limitations (see G. L. c. 260, § 2A [1992 ed.]; *Oliveira* v. *Pereira*, 414 Mass. 66, 73 [1992]).[3] They contend, however, that their nuisance and trespass claims, but not their other claims, are based on the continued presence of gasoline on their properties which, they argue, amounts to a continuing trespass and a continuing nuisance, and thus they may recover for damages occurring within three years of the dates of the commencement of their respective actions. Two of these actions were commenced in October, 1991, and the other in January, 1992. We transferred the plaintiffs' appeal to this court.

The plaintiffs argue that the continuing presence of the gasoline on their property is analogous to cases in which re-

---

[3]See now G. L. c. 21E, § 11A (4), inserted by St. 1992, c. 133, § 309.

lief was granted because of the continued presence of an un-authorized structure erected on one's land. The judge rightly rejected this argument because a continuing trespass or nuisance must be based on recurring tortious or unlawful conduct and is not established by the continuation of harm caused by previous but terminated tortious or unlawful conduct. See *Sixty-Eight Devonshire, Inc.* v. *Shapiro*, 348 Mass. 177, 183-184 (1964); *Wishnewsky* v. *Saugus*, 325 Mass. 191, 194 (1950). The cases on which the plaintiffs rely concern not a single encroachment resulting in permanent harm but rather repeated or recurrent wrongs involving new harm to property on each occasion.[4] The gasoline on the plaintiffs' property is the consequence of tortious conduct and of seepage that occurred before 1985. There is, therefore, no continuing trespass or nuisance.[5]

We decline to recognize for the first time a continuing trespass or continuing nuisance concept in the circumstances

---

[4]Those cases involved continuing nuisances that were not barred by the statute of limitations because of the recurring nature of the harm. See, e.g., *Sixty-Eight Devonshire, Inc.* v. *Shapiro*, 348 Mass. 177, 184 (1964) (gutter repeatedly poured water onto plaintiff's building); *Asiala* v. *Fitchburg*, 24 Mass. App. Ct. 13, 19 (1987) (continuing damage from continuing private nuisance [defective retaining wall], cause of action not time barred). In those cases rights were being invaded from time to time, and thus there were continuing trespasses or continuing nuisances. See also *Wishnewsky* v. *Saugus*, 325 Mass. 191, 194 (1950) (recurrent flooding of drainage system causing damage to plaintiff's land); *Wells* v. *New Haven & Northampton Co.*, 151 Mass. 46, 47-49 (1890) (culvert repeatedly channeled water onto plaintiff's land); *Prentiss* v. *Wood*, 132 Mass. 486, 487 (1882) (dam repeatedly set water back on plaintiff's mill).

The plaintiffs also rely on *Worcester* v. *Gencarelli*, 34 Mass. App. Ct. 907 (1993), which involved the filling of a wetland in violation of a statute (G. L. c. 131, § 40 [1992 ed.]). The facts recited in the opinion do not indicate whether there were recurring wrongs that would represent continuing trespasses or nuisances. It is unimportant to know the answer, however, because, even if there were no recurring events, G. L. c. 131, § 40, states that each day that a violation continues (such as leaving in place unauthorized fill) constitutes a separate offense.

[5]This case does not involve the seepage of gasoline onto the plaintiffs' properties within three years of the commencement of these actions, a circumstance that would present a different case. The plaintiffs' brief points to no record facts that support such a contention.

such as exist in this case, in part, because, in adopting a three-year statute of limitations in 1992 for private actions under G. L. c. 21E, the Legislature stated a guiding public policy. See G. L. c. 21E, § 11A, inserted by St. 1992, c. 133, § 309. There is no distinguishing reason to justify our granting relief under a label of continuing trespass or continuing nuisance in this case when the Legislature did not recognize a similar concept of a continuing wrong under G. L. c. 21E in its 1992 enactment of a statute of limitations for G. L. c. 21E.

There is no merit to the plaintiffs' argument that they should be allowed to delay commencing their actions until all actions that the Commonwealth brought against the defendants had been resolved. The Commonwealth was not representing the plaintiffs' interests in pursuing the defendants. The plaintiffs were obliged to protect their own interests by timely action.

*Judgments affirmed.*