Bohn, J.
This is an action in tort for the trespass and conversion of trees and gravel from the property of plaintiffs William D. Breneman and John Breneman (the Brenemans). The suit was initially commenced on September 24, 1992 against Leonard Tanner (Tanner), a neighboring property owner who had contracted with the third-party defendant, A. Amorello & Sons, Inc. (Amorello) to assist him in the extension of a private airstrip. Tanner impleaded Amorello as a third-party defendant in February 1995 and, in April 1997, the plaintiffs amended their complaint to add Amorello as a direct defendant. Amorello now brings this motion to dismiss the second supplemental amended complaint for failure to state a claim upon which relief may be granted.[2]
In his motion, brought pursuant to the provisions of Mass.R.Civ.P. 12(b(6), Amorello argues that the six year statute of repose bars the claim against him. Furthermore, in opposition to the plaintiffs’ cross-motion for partial summary judgment against him, Amorello argues that the claims are time-barred by the applicable limitations statutes.
In their opposition to Amorello’s motion, and in support of their cross-motion for summary judgment, the Brenemans argue that 1) the statute of repose does not apply to this circumstance because any “improvement” in terms of runway construction activity took place on Tanner property not on their property; 2) that in any event, the removal of trees and gravel, the burial of tree stumps and the creating of a wetland on Breneman property does not constitute an “improvement” within the meaning of the statute of repose; and 3) that the discovery rule tolls any applicable statute of limitations period because the Brenemans lived out of state and did not learn of the damage to the land until August 1991.
For the reasons set forth below, Amorello’s motion to dismiss the second supplement amended complaint will be allowed and Breneman’s cross-motion for summary judgment against Amorello will be denied.
BACKGROUND
On the basis of the record, the following facts are found: Defendant Tanner owned property in Barre, Massachusetts located next to that of the Brenemans. Both properties consisted of large parcels of undeveloped land. In May 1997, Tanner engaged the services of Amorello to clear trees and to level a hill near the end of his private aircraft runway to make his flight approach safer. This process of extending the existing runway approximately two hundred feet involved the extraction of gravel from a sloped area directly in line with Tanner’s airport runway. The gravel extracted from the sloped area was sold by Amorello to the Commonwealth of Massachusetts to be used in the construction of nearby Route 67. Construction of the runway was completed by September of 1988, and Breneman began to use the extended strip on that date.
DISCUSSION
A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to *470 judgment as a matter of law.” Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions or disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Statute of Repose
The statute of repose has been codified under G.L.c. 260, §2B. In pertinent part, it reads:
Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
In the present case the Brenemans argue that the statute of repose applies only to “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” With that construction, they argue that Tanner’s runway extension project is not a betterment of real property and does not enhance the value of Breneman property. In considering this very definition, however, the Massachusetts Supreme Judicial Court has found that “the usual and natural meaning of the word ‘improvement’ includes road construction.” Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 368 (1984) (construction of a dead-end road deemed an improvement to real property within the meaning of G.L.c. 260, §2B). The mere fact that an airstrip is created to handle aircrafts as opposed to motor vehicles does not justify an exception to the general rule that the construction of a roadway qualifies as an improvement for purposes of the statute of repose.
In the case at bar, the airport runway extension was in use by the end of 1988. This suit was not instituted against Amorello as a third-party defendant until May 1995, and Amorello was not made a direct defendant until June 1997. In both instances, suit was commenced well after the six year period had expired.
In their opposition to defendant Amorello’s motion, the plaintiffs argue that the timing of their claims should be governed by the date of filing of the initial complaint, i.e., September 24, 1992; however, it is well-established that the relation back doctrine of Mass.R.Civ.P. 15(c) does not apply in the context of a statute of repose defense, and does not save the plaintiffs’ complaint in their case against defendant Amorello. See James Ferrera & Sons, Inc. v. Samuels, 21 Mass.App.Ct. 170, 172 (1985).
II. Limitation Periods for Tort/Unfair and Deceptive Business Practices
Even if the statute of repose did not apply, this claim is barred by the statutes of limitation for actions brought in tort or under G.L.c. 93A.
Under G.L.c. 260, §2A a plaintiff has three years within which to bring a suit based on tort. That three year period begins to run when the party affected knew or should have known that an injury was occurring. See White v. Peabody Construction Co, Inc., 386 Mass. 121 (1982). Similarly, the statute of limitation with respect to claims brought under G.L.c. 93A, found at G.L.c. 260, §5A, begins to run “when the plaintiff knew of or should have known of the appreciable harm” caused by the unfair or deceptive acts. Dwyer v. Barco Auto Leasing Corp., 903 F.Supp. 205, 211 (D.Mass 1995).
In the case at hand, there is no question that a series of trespasses resulting in the cutting of trees and the removal of gravel from Breneman property took place between May 21, 1986 and some time on or before October 17, 1988. Based on the record, this activity lasted for approximately two years. As of May 21, 1986, therefore, sufficient facts were available to the Brenemens to enable them to bring a cause of action against the defendants in this matter. Their failure to do so within the three year state of limitations for tort actions and the four year statute of limitations for actions brought pursuant to G.L.c. 93A requires dismissal of their action against Amorello.
In their opposition to Amorello’s motion, the Brenemans argue that the statutory period was tolled by virtue of the discovery rule. The discovery rule was adopted in a case involving a tort where the plaintiff was expected to have had some knowledge of the harm. Franklin v. Albert, 381 Mass. 611 (1980). “A cause of action accrues at the happening of an event likely to put the plaintiff on notice.” Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974). “The principle *471 underlying the discovery rule is that the plaintiff should be put on notice before his claim is barred.” Franklin at 619. To justify tolling, the harm to a plaintiff must be “inherently unknowable” in the sense that no clues are available to pursue. A potential plaintiff need not possess every fact that must be proved for a legal claim before the statute of limitations period begins to run. Pagliuca v. Boston, 35 Mass.App.Ct. 820, 824-25.
In the present case, while it may not have been easy to initially discover buried tree stumps, a plainly visible gravel hill and many trees were openly leveled, placing the plaintiffs on notice. The fact that the current owners of the property lived out of state at the time does not relieve the plaintiffs of their burden to take action within the generous limitations period. See Hartmann v. Time, 334 U.S. 838 (1948) (a plaintiff who is a nonresident of Massachusetts will have the statute of limitations run against him as though he were a resident of Massachusetts from the time the cause of action accrued). One put on notice of a cause of action is under an obligation to employ “due diligence” in pursuit of their legal claim. The “discovery rule” tolls the accrual date of the statutory period, but only until “the injured party knows or should know the facts giving rise to the cause of action.” Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. at 106 (1980). The party attempting to claim that there were certain facts that were unknown at the time of the tort, must not have had access to that knowledge. See Melrose Housing Authority v. New Hampshire Ins. Co., 402 Mass. 27 (1988). In the case at hand, the plaintiffs could have discovered the change in the property and engaged an expert to conduct the tests necessary to determine whether tree stumps were buried well within the applicable limitations period. Where the information which prompted this suit could have been discovered well within the statutory period, no tolling applies. See Quigley v. Unum Life Ins. Co., 688 F.Sup. 80, aff'd. 887 F.2d 258 (D.Mass 1988).
III. The Issue of a Continuing Trespass
The fourth count of the complaint alleges continuing trespass. An analysis of the facts of this case, however, reveals that there is no continuing trespass affecting limitations periods. “[A] continuing trespass or nuisance must be based on recurring tortious or unlawful conduct and is not established by the continuation of harm by previous but terminated tortious or unlawful conduct.” Carpenter v. Texaco, 419 Mass. 581, 583 (1995).
IV. Brenemans’ Cross-Motion for Summary Judgment
In light of the applicability of both the statute of repose and the limitations statutes in this case precluding the claims against Amorello as a matter of law, the plaintiffs’ cross-motion for summary judgment against Amorello is rendered moot. It is not necessary to reach the issue of whether or not Amorello disputed the allegations of trespass, conversion and unfair and deceptive business practices. Accordingly, the cross-motion for summary judgment against Amorello is denied.
ORDER
Based on the foregoing, it is ORDERED that the third-party defendants’ motion to dismiss is ALLOWED and the plaintiffs’ cross-motion for partial summary iudgment against A. Amorello & Sons, Inc. is DENIED.

In allowing the second amended complaint, which added Amorello as a direct defendant, this court (Doerfer, J) did so with the express provision that Amorello could subsequently raise the statute of repose as a defense.