Toomey, J.
INTRODUCTION 
Plaintiffs William Breneman and John Breneman (“Brenemans”) bring this action for trespass, conversion, wrongful removal of trees and violation of G.L.c. 93A; they also seek to recover possession of real estate and to quiet title. Defendant John Wolfson, executor of the estate of Leonard Tanner (“Tanner”), has counterclaimed to establish his rights in the disputed property, alleging that he adversely possessed that portion of the Brenemans’ land for the requisite period of 20 years. Tanner has also impleaded A. Amorello & Sons, Inc. (“Amorello”) as a third party defendant. The matter is before the Court on two separate motions for summary judgment pursuant to Mass.R.Civ.P. 56.
First, Tanner has moved for summary judgment with respect to all of the claims the Brenemans have asserted against the Tanner estate. Tanner argues that no genuine issue of material fact remains with respect to Brenemans’ claims for trespass, conversion, wrongful removal of trees and violation of G.L.c. 93A because of the expiry of the statute of limitations. Second, Amorello has moved for summary judgment with respect to Tanner’s contribution claim. Amorello contends that Tanner can establish no facts entitling him to assert successfully a contribution claim against Amorello. For the reasons discussed below, Tanner’s motion is allowed in part and denied in part. Amorello’s motion is allowed.

BACKGROUND

In evaluating a motion for summary judgment, this Court must rely on facts not in dispute as well as disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently, the facts, as presented below, are presented in the light most favorable to the plaintiffs and should not be construed as findings of the Court. The Brenemans allege that Tanner trespassed on their land, took gravel therefrom and sold it to a third pariy, wrongfully removed trees, and violated G.L.c. 93A. Tanner counterclaimed alleging that he had gained title to the land in question by using that portion of the Brenemans’ property openly, notoriously, adversely and continuously for an uninterrupted twenty-year period as prescribed by G.L.c. 260, §21. The Brenemans have opposed Tanner’s claim for adverse possession by moving to recover possession of the land and to quiet title.
Tanner owned a parcel of land on the border of the towns of Barre and New Braintree, Massachusetts. Tanner’s property was located next to that of the Brenemans. Each of the parcels is, for the most part, undeveloped land. In May 1987, Tanner hired Amorello to clear trees, remove stone walls, boundary markers, vegetation, topsoil and gravel from a portion of the Brenemans’ parcel of land that abutted Tanner’s land. Tanner commissioned the work so that he could extend the runway of an airport he owned and operated on his parcel of land. The Brenemans allege that, in the process of carrying out this expansion of the runway, Tanner illegally removed gravel from their land and sold it to A. Amorello.
On September 28, 1992, the Brenemans filed suit against Tanner for trespass and conversion. On August 12, 1993, after the close of discovery, the Brenemans moved for summary judgment on their Amended Complaint. Tanner opposed the Brenemans’ motion and filed a cross-motion for summary judgment on grounds that the Brenemans’ action was barred by the three-year statute of limitations for tort claims prescribed by G.L.c. 260, §2A. On February 24, 1994, this Court (Hely, J.) granted summary judgment in favor of the Brenemans as to Tanner’s liability. Judge Hely, however, denied summary judgment as to the issues of damages and the extent to which the applicable statute of limitations barred any of the Brenemans’s claims. Judge Hely found that there were genuine issues of material fact as to the following issues: (1) the date on which Tanner entered upon and caused injury to the Brenemans’ land; (2) the date upon which a reasonable landowner would have discovered that he was harmed by Tanner’s conduct; and (3) the time that should be excluded for purposes of calculating the running of the statute of limitations because of Tanner’s residing outside of Massachusetts.
On May 3, 1995, Tanner brought a third-party action for indemnification against Amorello, the contractor to whom he allegedly sold gravel from the Brenemans’ property. On June 20, 1997, this Court (Doerfer, J.) allowed a motion by the Brenemans for leave to file a Second Supplemental Amended Complaint adding direct claims against Amorello and additional claims against Tanner, subject to Amorello’s right to assert that the statute of repose barred the Brenemans’ claims against Amorello. On July 28, 1997, Amorello moved to dismiss the Second Supplemental Amended Complaint or, alternatively, for summary judgment on grounds that the statute of repose barred the complaint. On January 21, 1999, this Court (Bohn, J.) granted summary judgment in favor of Amorello, holding that the statute of repose, G.L.c. 260, §2B, precluded the Brenemans’ claims [9 Mass. L. Rptr. 469]. More importantly, however, Judge Bohn found that, even if the statute of repose did not apply, the *635 Brenemans’ claims against Amorello for trespass, conversion, and violation of c. 93A were barred by the statutes of limitations set forth in G.L.c. 260, §§2A and 5A.
The Brenemans contend that this Court should not apply the ruling of Judge Bohn to the motion at bar, for the reason that Judge Hely’s earlier order — in which he found that genuine issues of material fact exist with respect to when Tanner entered Brenemans’ land, when a reasonable landowner would have discovered that Tanner trespassed and what time periods should be excluded for statute of limitations purposes — should control over Judge Bohn’s directive. This Court finds Judge Bohn’s opinion to be determinative and will, therefore, allow Tanner’s motion.

DISCUSSION

This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P, 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, may be entered against the moving parly or may be entered only as to certain issues, but not as to others which present genuine fact disputes. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The non-moving party cannot defeat the motion for summary judgment merely by resting on his or her pleadings and assertions of disputed facts, more is required. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A parly moving for summary judgment, who does not bear the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). With those analytical principles in mind, we turn now to an assessment of the components of this case.

A. Brenemans’ Complaint and Tanner’s Statute of Limitations Defense

The Brenemans contend that Judge Hely’s order conclusively determined that a genuine issue of material fact existed with respect to Tanner’s statute of limitations defense. A careful reading of Judge Hely’s two page opinion, however, suggests that he did not address the merits of a statute of limitations defense. On the first page of the two page order, Judge Hely expressly wrote “If he has not already done so, the defendant is given leave to amend his answer to assert a statute of limitations defense.” That language would seem to demonstrate that Judge Hely did not rule upon a statute of limitations defense by Tanner. The issue is, accordingly, still ripe for disposition.
This Court agrees with Tanner’s contention that Judge Bohn’s decision allowing Amorello’s motion for summary judgment against Tanner should control the disposition of Tanner’s summary judgment motion against the Brenemans because both motions involve statute of limitations claims arising out of the same underlying facts. This Court, therefore, grants summary judgment, on the Brenemans’ suit for trespass, conversion, removal of gravel and violation of G.L.c. 93A, in favor of Tanner, because the claims that the Brenemans have asserted against Tanner are virtually identical to the claims that the Brenemans have asserted — unsuccessfully, in Judge Bohn’s view— against Amorello. The only dispute that is left for a fact finder’s determination is whether Tanner met the requirements of adverse possession in order to obtain title to a portion of the Brenemans’ land. As to that latter conflict, Tanner’s motion for summary judgment against the Brenemans will be denied.

B. Statute of Limitations for Tort/Unfair and Deceptive Business Practices

G.L.c. 260, §2A sets forth the statute of limitations that applies to tort actions. Under G.L.c. 260, §2A, a plaintiff must bring suit on a tort action within three years of the date on which the cause of action accrued. See White v. Peabody Construction Co, Inc., 386 Mass. 121 (1982). G.L.c. 260, §5A, on the other hand, sets forth the statute of limitations that applies to claims brought under G.L.c. 93A and provides that a plaintiff must bring an action under G.L.c. 93A within four years of the date on which the plaintiff knew or should have known of the appreciable harm caused by the unfair or deceptive acts. Dwyer v. Barco Auto Leasing Corp., 903 F.Sup. 205, 211 (D. Mass. 1995).
In the case at bar, there is no dispute that the series of trespasses resulting in the cutting of trees and the removal of gravel from Breneman property occurred between May 21, 1986 and October 17, 1988. The record before this Court suggests that the tortious activity lasted for approximately two years. As of May 21, 1986, therefore, sufficient facts were available to the Brenemans to put them on notice that a trespass had occurred and to enable them to bring an action for trespass against Tanner.
The Brenemans contend that the discovery rule operates to toll the statutes of limitations that govern each one of their September 28, 1992, claims against Tanner. *636 This Court finds, as did Judge Bohn, that the limitations period for the Brenemans’ claims was not so tolled. The discovery rule triggers the running of the statute of limitations at the time when the plaintiff was likely first to have had some knowledge of the harm. Franklin v. Albert, 381 Mass. 611 (1980). “A cause of action accrues at the happening of an event likely to put the plaintiff on notice.” Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974). “The principle underlying the discovery rule is that a plaintiff must be on notice of the occurrence of the tort before the limitations period commences its run.” Franklin, supra, at 619. To justify delaying the commencement of the statutory period, the harm to a plaintiff from the tort must be “inherently unknowable” in the sense that no clues are available to alert the plaintiff that a tort has occurred. A potential plaintiff need not, however, be aware of every fact that must be proved to prevail upon a claim before the statute of limitations period begins to run. Pagliuca v. Boston, 35 Mass.App.Ct. 820, 824-25. The determinative question, therefore, is whether or not the plaintiff had sufficient notice that he ought to have been aware of his injury or loss.
As Judge Bohn’s opinion observes, although the Brenemans may have had difficulty in discovering buried tree stumps, they could have easily discovered the leveling of a plainly visible gravel hill and the removal of a large number of trees. Thus, the leveling of the hill and the removal of the large number of trees placed the Brenemans on notice of Tanner’s trespass and commenced the running of the limitations period. At bar, suit was entered more than three years after that notice and commencement.
The Brenemans also contend that the statute of limitations should be tolled because they did not live in Massachusetts and therefore were not put on notice as to Tanner’s trespass. Residence outside of the state at the time of the occurrence of a tort does not relieve a plaintiff of his burden to take action within the limitation period. Hartmann v. Time, 334 U.S. 838 (1948). One put on notice of a cause of action is under an obligation to use "due diligence” in pursuit of any legal claim arising from the cause of action. The “discovery rule” tolls the accrual date of the statutory period, but only until “the injured party knows or should know the facts giving rise to the cause of action.” Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. at 106 (1980). Aplaintiff attempting to claim that there were certain facts that were unknown to him or her at the time of the tort must not have had access to those facts. See Melrose Housing Authority v. New Hampshire Ins. Co., 402 Mass. 27 (1988). In this case, the Brenemans had such access, could have discovered the change in property and could have hired an expert to conduct the tests necessary to determine whether tree stumps were buried, all demonstrably within the applicable limitations period. Where the plaintiffs could have discovered, well within the statutory period, the information which prompted the suit, no tolling applies. See Quigley v. Unum Life Ins. Co., 688 F.Supp. 80, aff'd 887 F.2d. 258 (D. Mass. 1988). Tanner’s discovery arguments will prevail.

C.Continuing Trespass

The Brenemans, in the fourth count of their complaint, allege that Tanner committed a continuing trespass. “[A] continuing trespass or nuisance must be based on recurring tortious or unlawful conduct and is not established by the continuation of harm caused by previous but terminated tortious or unlawful conduct.” Carpenter v. Texaco, 419 Mass. 581, 583 (1995). An analysis of the summaiy judgment record at bar reveals that there is no evidence upon which a jury could reasonably conclude that Tanner committed a continuing trespass. Although the motion for summary judgment submitted by the Brenemans’ counsel suggests that the removal of the gravel hill from the Brenemans’ property frequently permitted excess rainwater to flow onto the Brenemans’ land, there is no such allegation made in a verified complaint or in an affidavit by the Brenemans. Hence, no genuine issue of material fact emerges from the materials at bar that would suggest that the statute of limitations governing tort actions had a later commencement.

D.The Breneman’s Answer to Tanner’s Counter-Claim for Adverse Possession

The only issue that remains in this case, as stated in Section A, supra, is whether Tanner adversely possessed the portion of the Brenemans’ land upon which he trespassed. This Court cannot, on summary judgment, decide Tanner’s adverse possession claim to title because the claim does involve genuine issues of material fact that a fact finder should determine.

E.Amorello’s Motion for Summary Judgment Against Tanner

Amor ello, as did Tanner, submitted a motion for summaiy judgment in which Amor ello moved to dismiss Tanner’s claim for contribution. This Court must grant Amorello’s motion because of the Court’s decision that the statute of limitations has barred the Brenemans’s claims against Tanner for the torts of trespass and conversion. See Section A, supra. If Tanner is thus not liable to the Brenemans, then Amor ello can have no contribution exposure to Tanner.

ORDER

For the foregoing reasons, it is hereby ordered that Tanner’s motion for summary judgment be DENIED only with respect to his claim to title by adverse possession. It is further ordered that Tanner’s motion for summary judgment against the Brenemans be ALLOWED with respect to all other claims. Finally, this Court orders that Amorello’s motion for summary judgment upon Tanner’s suit for contribution be ALLOWED.